**United States District Court**
**Northern District of Indiana**

MATTHEW HARRIS, individually and on
behalf of all similarly situated individuals,

        Plaintiff,

        v.

RELIABLE REPORTS INC.,

        Defendant.

Civil Action No. 1:13-CV-210 JVB

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Matthew Harris's motion for conditional class certification, court-supervised notice to potential plaintiffs, and expedited discovery in a proposed collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. Defendant has moved for leave to file a sur-reply to Plaintiff's motion.

**A.    Background**

Harris is a former field reporting specialist ("field rep") for Defendant Reliable Reports Inc.[1] who claims that Reliable has failed to pay him minimum wages and overtime as required by the FLSA. Reliable is in the business of property and casualty insurance inspection and reporting. As a field rep, Harris worked from a home office in Fort Wayne, Indiana, and his car, traveling to inspection sites in Indiana, Ohio, Michigan, Iowa, and West Virginia. His duties included downloading information on the properties he was to inspect from Reliable's computer

---

[1] Reliable refers to Harris's title as "field representative." (Aff. of Ryan Patton, DE 33-6 at 1.) The Court assumes that these titles are interchangeable.

network, calling to set up appointments, preparing route maps, driving from his home to the inspections, performing the inspections, returning home or to a hotel, logging back into the computer network to enter his hours worked and miles traveled for the day, and completing online inspection reports for the properties he inspected.

When Reliable's Field reps are in training they are paid an hourly rate of $13.32. Once their training is complete, they are paid according to a piece rate method of compensation. They receive various payments for different types of inspections. Their total compensation for the week is divided by the total number of hours they report as hours worked in that week. If this hourly rate falls below the required minimum wage, employees are paid a minimum wage supplement.

Harris claims that during the two years he worked for Reliable he consistently worked sixty to sixty-five hours a week but that his supervisors repeatedly directed him to reduce the time he reported. He asserts that as a consequence he was not paid overtime to which he was entitled. He further claims that his time spent driving from his home to his first inspection of the day and driving home from his last inspection of the day should be included in his hours worked. He also claims that Reliable's mileage reimbursement policy and failure to reimburse field reps for certain equipment essential to their work reduces their wages below minimum wage.

In his declaration in support of his motion, Harris states:

> Based on my experience working at Reliable, I believe other Field Reps performed the same or similar job duties and worked numerous hours in excess of 40 hours a week without receiving a minimum wage and overtime compensation. From my experiences, I know that Reliable's Field Reps were subjected to the same pay practices and procedures and that all of us lost wages because we were not paid properly. I believe that, if given the opportunity, many of theses individuals would participate in a lawsuit to recover unpaid minimum wages and overtime compensation.

(DE 6 at 34.)

Harris offers the declaration of Clark Trotter to further support his motion for conditional class certification. Trotter is a would-be opt-in Plaintiff who also worked as a field rep for Reliable. Trotter's travels for Reliable took him from his home in Des Moines, Iowa, to South Dakota, Nebraska, Indiana, Minnesota, Wisconsin, Missouri, Georgia, and Mississippi. His description of his duties is virtually identical to Harris's. He also alleges that he performed off-the-clock work and was not reimbursed for mandatory job-related expenses. Trotter's declaration also includes a statement as to his belief that other field reps are subject to the same pay practices and were not properly paid.

Harris asks the Court to conditionally certify a collective action consisting of several hundred current and former Reliable field reps located around the country.

**B.     Legal Standard**

Under 29 U.S.C. § 216(b), a plaintiff may bring an action to recover unpaid wages and overtime on behalf of himself and other similarly situated employees, but no employee may be a party to such an action unless he opts in by filing a written consent with the court. Such actions are known as collective actions. *See Harkins v. Riverboat Services, Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004). While § 216(b) does not explicitly provide for conditional certification and court-ordered notice of a collective action, district courts have the discretion to implement § 216(b) by facilitating notice to potential plaintiffs. *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169–70 (1989).

Neither the Supreme Court nor the Seventh Circuit has provided guidance as to how a

district court is to determine that potential opt-in plaintiffs are similarly situated such that they should receive notice and the opportunity to join in a collective action. District courts throughout this Circuit and around the country have adopted a two-step procedure for managing proposed collective actions. At the first step, a plaintiff must make "a modest factual showing" that he and potential class members were "victims of a common policy or plan that violated the law." *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 629–30 (W.D.Wis. 2009). If the plaintiff makes this showing, the district court grants conditional certification and notice may then be sent to potential class members. *See Boyd v. Alutiiq Global Solutions, LLC*, No. 11-CV-753, 2011 WL 3511085 at *3 (N.D. Ill. August 8, 2011). The second step takes place after the close of discovery when the defendant may move to dismiss the opt-in plaintiffs on the basis of the facts developed during discovery. *Garcia v. Moorehead Communications*, No. 1:12-CV-208, 2013 WL 4479234, at *3 (N.D. Ind. Aug. 19, 2013).

**C.     Discussion**

**(1)     *Motion to File Sur-Reply***

Reliable requests leave to file a sur-reply to address the fact that Warren Zettel filed a consent to join this action as a plaintiff after Reliable filed its response. Harris maintains in his reply brief that Zettel's claim is identical to the claims of Harris and Trotter, thereby lending support to his quest for conditional class certification. Reliable seeks to show the Court that Zettel's claims are significantly different than those of Harris and Trotter. Harris opposes Reliable's motion because, in his view, he did not raise a new issue in his reply brief and there has been no development of the law since Reliable filed its response brief.

The Court denies Reliable's motion. Additional briefing will not assist the Court to decide whether Harris has made a factual showing that he and all Reliable's field reps were victims of a common policy or plan that violated the law such that their claims should be tried together.

**(2)** *Motion for Conditional Class Certification, Court Supervised Notice, and Expedited Discovery*

Harris has not made enough of a factual showing that Reliable's field reps were victims of a common policy or plan that violated the law to justify conditional class certification of his claims that Reliable field reps are not properly compensated for all the hours they work, do not receive overtime to which they are entitled, and are not paid the federal minimum wage for all hours worked because of unreimbursed job-related expenses. He presents just two declarations from among a class he claims includes hundreds of field representatives working in at least twenty-two states for who knows how many different supervisors.

With respect to factual support for the existence of a common policy or plan, Harris and Trotter say in their declarations only that they *believe* other field reps were subjected to the same pay practices and worked in excess of forty hours a week without receiving a minimum wage or overtime. But the only bases they cite for these beliefs are their own experiences. Their declarations are nothing more than their speculation that other field reps were treated the same way they were. They provide no facts to support these conclusions. That these two employees' supervisors might have refused to allow them to report all their hours worked does not support the existence of a company-wide policy toward all field reps that violates the FLSA.

5

Harris argues that the fact that a field rep from Michigan, Warren Zettel filed a consent to join this action as a plaintiff is further evidence of a company-wide policy or plan that violates the FLSA.  However, Zettel's willingness to join as a plaintiff, by itself, does not lend factual support to Harris's claim that all field reps working for Reliable were victims of a common policy that violated the law.  In his belated declaration (filed along with Harris's opposition to Reliable's motion for leave to file a sur-reply) Zettel alleges no additional facts to show a company policy applicable to all field reps that violates the law.  He too asserts only his belief, based on how he was treated, that other field reps performed the same or similar job duties and worked more than forty hours a week without receiving a minimum wage or overtime.

In his declaration, Harris claims to have emails sent by his regional director (whom he fails to name) to more than sixty field reps that he says demonstrate the systemic nature of Reliable's violations.  He has attached to his motion for conditional certification an email from Ryan Patton, identified as a field operations manager, and one from Gregory Scott, identified as a director of field operations. However, it is not apparent to the Court how these emails show systemic violations of the FLSA. The email from Patton refers to new (but unspecified) instructions from upper management and explains how cases will be assigned.  The email from Gregory talks about the need to complete cases in twenty-one days.  Neither email discusses overtime or off-the-clock work.

The declarations Harris has submitted in support of conditional class certification do little more than repeat the allegations of the complaint.  While the Court has found that, for the most part, the complaint is sufficient to survive a motion to dismiss for failure to state a claim, some evidence that other potential plaintiffs were victims of a common policy that violated the law

6

must be presented at this stage of the case. The declarations fail to provide evidence that the conduct about which the declarants complain is pervasive enough to justify conditional certification of a class of all Reliable's field reps. *See Alutiiq*, 2011 WL 3511085 at *7 (holding that declarations from three named plaintiffs that the defendant's refusal to pay overtime was consistent among all its employees on the basis of unidentified conversations with other, unidentified employees was not sufficient to justify conditional certification). That three field reps believe they were not properly compensated does not warrant the inference that Reliable had a company-wide policy of violating the FLSA with regard to all field reps.

      The affidavit of Shawn Robertson, the president and chief operating officer of Reliable, does establish that Reliable has a uniform policy as to what work-related expenses Reliable pays for and how mileage is reimbursed. However, the declarations of Harris and Trotter do not show that these policies violate the FLSA. FLSA regulations provide that if an employer requires an employee to provide tools of the trade that will be used in or are specifically required for the work, the FLSA is violated "in any work week when the cost of such tools cuts into the minimum or overtime wages required to be paid him under the Act." 29 C.F.R. § 531.35. Neither Harris nor Trotter has so much as estimated the amount of his claimed unreimbursed expenses nor demonstrated that his expenses actually reduced his wages to below minimum wage in any work week. *See Guan Ming Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 512 (S.D.N.Y. 2010) (denying conditional certification of claim for failure to pay minimum wage under FLSA where declarations did not provide details regarding unreimbursed expenses). Harris and Trotter have failed to present their claims regarding expenses with sufficient specificity to satisfy even the modest requirements of the collective action standard.

Because conditional class certification is not warranted in this case, the Court also denies Harris's requests for court-supervised notice to potential opt-in plaintiffs and expedited discovery.

**D.     Conclusion**

For the foregoing reasons, the Court **DENIES** Reliable's motion for leave to file a sur-reply (DE 38) and **DENIES** Harris's motion for conditional class certification, court-supervised notice to potential opt-in plaintiffs, and expedited discovery (DE 5).  Clark Trotter and Warren Zettel are not permitted to join this action as plaintiffs.

SO ORDERED on May 21, 2014.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
